OPINION JOURNAL ENTRY
We issued our original Opinion in this matter on May 22, 2001. On June 1, 2001, Appellant filed an application for reconsideration because a written transcript of jury instructions was not filed by the court reporter in this matter, even though it was requested by counsel for Appellant. We have reviewed the jury instructions in light of our earlier Opinion and must deny Appellant's application for reconsideration in this matter.
The parties originally appeared in the Belmont County Court of Common Pleas for a jury trial on a bailment issue. The jury ruled in favor of Appellees, finding that the Appellees were to be awarded the cost of tools removed apparently by theft from their employer's garage. Appellees were required to own and maintain these tools in order to remain employed, but were not specifically required to leave them at their employer's place of business. Testimony evinced, however, that most employees did leave their tools at the business address, the employer knew they left these tools and undertook certain precautions for their safekeeping.
On appeal, Appellant raised three main arguments. Appellant complained that the jury verdict was against the manifest weight of the evidence, that improper or incomplete jury instructions were given and that certain evidence of insurance was improperly admitted. We failed to agree with any of the assignments of error, discussing the first and third assignments at length. As no transcript of the jury instructions was provided, we overruled Appellant's second assignment on that basis.
Seeking reconsideration, Appellant provided this Court with the trial court's typed jury charge. This charge may or may not have been presented to the jury verbatim. An affidavit from the court reporter present at trial states that, because the trial court judge provides a written copy of the jury instructions, it is their practice not to transcribe these at the time the judge presents them to the jury. The reporter merely filed the copy provided by the judge. While this is certainly not a preferred method of record keeping in a trial situation because a court of review has no way of knowing whether these instructions were, in fact, given to the jury exactly as they appear on the document on file, we will presume for the sake of Appellant's argument that this is what occurred in this matter.
Because Appellant does not dispute our decision as to assignments one and three, we are dealing with his request for reconsideration only as to the second assignment of error. On this issue, Appellant alleged that an "accurate and complete jury instruction" was not given by the trial judge. This assignment then consists of three sub-assignments:
 "A. THE TRIAL COURT'S CHARGE TO THE JURY MISLED THE JURY AND CREATED PREJUDICIAL ERROR BECAUSE THE JURY WAS INSTRUCTED THAT THE RELATIONSHIP BETWEEN THE PARTIES WAS A BAILMENT FOR MUTUAL BENEFIT.
 "B. THE TRIAL COURT'S FAILURE TO PROPERLY INSTRUCT THE JURY REGARDING HOW TO RETURN A VERDICT FOR THE DEFENDANT AND ON THE ISSUE OF LEGAL EXCUSE MISLED THE JURY AND RESULTED IN PREJUDICIAL ERROR.
 "C. PREJUDICE MUST BE PRESUMED BECAUSE THE TRIAL COURT'S CHARGE IMPOSED A GREATER BURDEN ON the DEFENDANT THAN THE LAW REQUIRES.
Based on the record before us, it is difficult to tell exactly what transpired in regards to jury instructions. There is some indication from the record that Appellees' counsel submitted certain instructions prior to a lunch break and Appellant's counsel was to look at them. This exchange is sketchy, at best.
Then, after closing arguments, Appellant's counsel requested to approach the bench and the following exchange took place:
"Prior to the reading of the jury charge I raised an objection with the Court, which the Court indicated was going to be overruled and then we could make the details of that objection in the record immediately after. And that's the purpose of this matter. Specifically, I had proposed a jury charge that this be instructed as a gratuitous or unpaid bailment that would require gross negligence for there to be a breach of that bailment.
"The reason for that is, I believe, the testimony was undisputed that the Plaintiffs were free at any time to remove any personal property from the premises of the defendant, and that the defendants testified there was no benefit because the tools were not usable when the Plaintiffs were not present.
"Given this, there was no benefit given, that there was no payment for that and given their freedom to remove those tools at any time, plus others [sic] matter [sic] that were in the record on unpaid or gratuitous bailment and raise the objection for that reason."(Tr. pp. 231-232).
There is no response to this on record by the judge and it is clear that following this statement, the trial judge delivered the charge. The "objection" referred to by counsel does not specifically appear in the record.
Regardless, Appellant clearly sought in the above quoted passage an instruction to the effect that the facts presented a "gratuitous" or unpaid bailment. The jury was specifically instructed, however, that this case involved a, "bailment for mutual benefit". (Jury Charge p. 4).
While this whole matter could have been documented and argued more clearly, the record does reflect that the judge could have, and apparently did, find that a bailment which provided mutual benefit existed. Despite Appellant's vociferous arguments that it received no benefit out of its employees' storage of their tools on its premises, it was undisputed at trial that, but for the fact that the employees were required to and did bring their own tools to work, Appellant would be required to expend enormous sums supplying these tools to its employees in order to conduct its business. The fact that each employee had his/her own tools on the job was, in fact, a major benefit for Appellant. True, the employees were not absolutely required to leave these in storage at Appellant's premises at all times. But Appellant required these on the job and due to the amount of tools, their size and weight, Appellant knew it was impractical at best for the employees to remove the tools every night and then be required to bring them back each day in order to conduct the business of their employer. Appellant's arguments that the record reflects any evidence of gratuitous bailment must fail.
Appellant's next two sub-assignments both allege that the trial court improperly instructed the jury on the legal requirements of bailment, resulting in Appellant being saddled with a greater burden of proof. Specifically, Appellant claims that the trial court gave only one-half of the required instruction in this regard and did not explain how Appellant could be exculpated. Again, while the matter could have been handled and documented in a more concise fashion, Appellant's argument must fail.
The trial court first instructed on bailment in general and then outlined that the evidence showed a bailment for mutual benefit. The trial court next outlined both the duty and degree of care required, apparently as follows:
"BAILMENT BY AGREEMENT. This case involves a claimed bailment. When oneparty delivers property to another for some purpose with the furtherunderstanding that the property will be returned, a bailment has beencreated.
"The court instructs you that the relationship between the partiesin this case is bailment for mutual benefit.
"The duty of care for safekeeping required of a bailee for mutual benefitis that degree of care which an ordinary prudent person would exerciseunder similar circumstances with regard to similar property.
"CONCLUSIONS. If you find by the greater weight of the evidence thatDefendant failed to exercise the required duty of care for thesafekeeping of the property, and that such failure was a proximate causeof loss to Plaintiffs, then your verdict may be for the Plaintiffs. Youwill then consider the matter of damages." (Jury Charge, p. 4).
Again, Appellant would have liked to have the court directly give explanations for exculpation. The court did not give such instructions. The court did completely instruct the jury, by telling it that, in order to find against Appellant, it must "find by the greater weight of the evidence," that Appellant failed to exercise the requisite amount of care. Further, the standard of care in such cases was correctly provided. Thus, Appellant was not prejudiced by the instructions as given.
For all of the foregoing, Appellant's application for reconsideration of this matter is not well taken. A review of the instructions, such as they exist, and of the transcript in this regard reveals that Appellant's second assignment of error must fail. The jury was not "mislead" by the instructions. Further, the instructions comport with the evidence on record. Thus, Appellant's motion is overruled.
Waite, J., concurs.
Donofrio, J., concurs.
DeGenaro, J., concurs.